IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, an employee benefit plan, and ROBERT KINTZ, FRED KERN, JAY SCHULTEHENRICH, JAMES KIMBRELL, MATTHEW STEWARD, and SCOTT HILL, Trustees of Local 682 Health and Welfare Trust Fund, <br><br>Plaintiffs, <br><br>v. <br><br>THOELE ASPHALT PAVING, INC., <br><br>Defendant, | ) ) ) ) ) ) ) ) ) ) ) ) Cause No.: ) ) ) ) ) |

## COMPLAINT

COMES NOW Plaintiffs, Local 682 Health and Welfare Trust Fund, et al. by and through their attorneys, Daniel M. McLaughlin and SPECTOR, WOLFE, McLAUGHLIN & O'MARA, LLC, complaining of the Defendant, Thoele Asphalt Paving, Inc., and alleges as follows:

## COMMON ALLEGATIONS

1. Plaintiff Local 682 Health and Welfare Trust Fund, (hereinafter "Fund") is an employee benefit plan within the meaning of Sections 3(1), (2), (3), (21), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (2), (3), (21), 1132 and 1145.  Plaintiffs Robert Kintz, Fred Kern, Jay Schultehenrich, James Kimbrell, Matthew Steward and Scott Hill (hereinafter "Trustees"), are the duly designated and acting Trustees of the Fund, and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. § 1002(21)(A) and 1132.

2. Defendant, Thoele Asphalt Paving, Inc. (hereinafter "Defendant"), is a company,

authorized to conduct business under the laws of the State of Missouri and as such was an employer and party in interest in an industry affecting commerce within the meanings of Section 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. § 1002(5), (11), (12), and 1145. Defendant employs individuals who are members of, and represented by, Local 682, a local labor organization, and has agreed to provide participation in the Plaintiff Fund, so as to provide for benefits for employees of Defendant. Defendant has its principal place of business at 1703 North Fourth, St. Charles, Missouri 63301.

3. This Court has jurisdiction by reasons of Sections 502(a)(3)(ii) and 515 of ERISA, as amended, 29 U.S.C. § 1132(a)(3)(B)(ii), 1132(e)(1) and 1145, in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plan.

4. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in that the plan is administered in the Eastern District of Missouri and Defendant can be found in the Eastern District of Missouri.

5. At all times material hereto, Defendant was a party to, and agreed to abide by, the provisions of the collective bargaining agreement (hereinafter the "Agreement") requiring monthly payments to the Fund in specified amounts. A copy of the Agreement is attached hereto, marked as Plaintiffs' **Exhibit A** and made a part hereof.

6. Pursuant to Section 515 ERISA, as amended, U.S.C. § 1145, the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Fund Agreement and Declaration of Trust. A copy of the Fund Agreement and Declaration of Trust is attached hereto, marked as Plaintiffs' **Exhibit B** and made a part hereof.

## COUNT I

7. Despite Defendant's obligation under the Agreement to make contributions to the Fund, Defendant has failed to remit the same and are delinquent in the payment of its contributions owing to the Fund for November 2015 through current.

8. On or about March 31, 2016, Plaintiffs made a demand on the Defendant for payment. A copy of Plaintiffs' demand letter is attached hereto, marked as Plaintiffs' **Exhibit C** and made a part hereof.

9. Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan - (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of: (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."

10. Despite efforts to collect the delinquency referenced in paragraph 7 herein, Defendant has failed to remit the same and is delinquent in the payment of its contributions owing to the Fund for the months of November 2015 through current.

## COUNT II

11. Plaintiffs restate and incorporate by reference paragraphs 1-10 as if fully set forth

herein.

12.     Pursuant to Exhibit A, Article V of the Agreement, the Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant to determine whether an employer is making full payment as required under the Agreement.

13.     Pursuant to Exhibit A, Article V, Section 5.03 (b) of the Agreement and Declaration of Trust, the Fund engaged RSM US, LLP, to examine the payroll records of the Defendant.

14.     Pursuant to said Article V, Section 5.03 (b) cited with Paragraph 13 of this Complaint, said RSN US, LLP performed a payroll compliance audit which determined contributions owed by the Defendant to the Plaintiff Fund for the period January 1, 2012 through August 30, 2015, in the amount of Four Thousand Nine Hundred Thirty-Nine Dollars and Three Cents ($4,939.03) for the Local 682 Health and Welfare Trust Fund.   A copy of the Report is attached hereto, marked as Plaintiffs' **Exhibit D** and made a part hereof.

15.     On or about May 27, 2016, Defendant was provided with a copy of a Payroll Compliance Examination Report which found that Defendant is delinquent in the sum of Four Thousand Nine Hundred Thirty-Nine Dollars and Three Cents ($4,939.03).   A copy of Plaintiffs' demand letter is attached hereto, marked as Plaintiffs' **Exhibit E** and made a part hereof.

16.     Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan - (a) the unpaid contributions; (b) interest on the

unpaid contributions (c) an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."

17. Despite efforts to collect the delinquency referenced in paragraph 14 herein, Defendant has failed to remit to Plaintiffs the sum of Four Thousand Nine Hundred Thirty-Nine Dollars and Three Cents ($4,939.03), plus interest and interest in lieu of liquidated damages.

WHEREFORE, Plaintiffs pray the Court as follows:

A. That judgment be entered in favor of the Plaintiffs, and against the Defendant for contributions due and owing from November 2015 through current, plus interest and interest in lieu of liquidated damages and costs;

B. That additional judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of Four Thousand Nine Hundred Thirty-Nine Dollars and Three Cents ($4,939.03), plus interest and interest in lieu of liquidated damages and costs;

C. That the Defendant be decreed to pay to the Plaintiffs' Fund their reasonable attorney's fees as provided by 29 U.S.C. Section 1132(g)(2);

D. That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and heretofore referred to; and

  E. For any other and further relief as may be deemed just and equitable by the Court.

      Respectfully Submitted,

      LOCAL 682 HEALTH and WELFARE FUND,
      an employee benefit plan, et al.

      /s/ Daniel M. McLaughlin
      Daniel M. McLaughlin # 52750MO
      SPECTOR, WOLFE, McLAUGHLIN
      & O'MARA, LLC
      710 South Kirkwood Road
      Kirkwood, Missouri 63122
      (314) 909-0303 Telephone
      (314) 909-0306 Facsimile
      dan@spectorwolfe.com

      Attorney for Plaintiffs